George H. Halpin v. Commissioner.
Halpin v. Commissioner
Docket No. 2288.
United States Tax Court
1944 Tax Ct. Memo LEXIS 87; 3 T.C.M. (CCH) 1062; T.C.M. (RIA) 44328; October 10, 1944
*87 Earl F. Jackson, Esq., for the petitioner. Edward C. Adams, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined a deficiency in income tax for the year 1940 in the amount of $1,232. Not all of the adjustments are in dispute here. The sole issue is whether petitioner is entitled to a deduction from gross income under section 23 (e) of the Internal Revenue Code on account of the loss of certain jewelry alleged to have been stolen during the taxable year. Petitioner filed his return for the taxable year with the collector for the district of Minnesota. Findings of Fact The petitioner is an individual. During 1940 he resided with his wife, Burlah T. Halpin at St. Paul, Minnesota. Petitioner is vice-president and general sales manager of the Minnesota Mining and Manufacturing Company, and his duties require him to travel extensively throughout the United States. During the taxable year and prior thereto his wife traveled with him on many of his trips and assisted him in entertaining customers. Petitioner and his wife were married in 1921, and they have lived together continuously as husband and wife since that time. About *88 six months after their marriage, petitioner gave his wife a ring which "was in the nature of an engagement ring". This ring was manufactured by a jeweler in Philadelphia according to a design chosen by the wife, and it consisted principally of diamonds, which in their unmounted state, had formerly belonged to petitioner. At the hearing, petitioner was unable to state the cost of the ring or the cost of the diamonds in the ring. In 1934, petitioner purchased a dinner ring for his wife at a cost of $750 and gave the ring to her. Early in 1940, petitioner's wife accompanied the petitioner on a business trip to the west coast. It became necessary for petitioner to continue his trip to Seattle, Washington, and his wife decided to return home. On the way, she stopped at Phoenix, Arizona for the purpose of visiting certain of her friends in that vicinity. On March 1, 1940, while she was registered as a guest at the Westward Hotel in Phoenix, her room was entered by thieves and the two rings heretofore mentioned together with $150 in cash were stolen from her possession. Neither the rings nor the cash were ever recovered but petitioner received about $250 on account of the theft under a *89 personal property floater insurance policy issued in his name. Subsequent to the theft, petitioner purchased and gave to his wife other items of jewelry to replace in part the rings which had been stolen. Petitioner's approximate net income for the years 1938, 1939 and 1940 was $50,000 per year. During the same period, his wife had a separate net income of about $2,500 or $3,000 per year. Petitioner and his wife each filed a separate Federal income tax return for the taxable year. On her return, petitioner's wife made no claim for a deduction from gross income on account of the loss occasioned by the theft of the rings. Petitioner on his income tax return claimed a deduction on account of said loss in the amount of $2,800. The respondent disallowed the deduction on the ground that the rings which were stolen belonged to petitioner's wife and that the deduction for such loss should have been claimed by her on her return. At the time the rings here in controversy were purchased by petitioner, he intended to and did make valid and complete gifts of those rings to his wife. Thereafter, and at the time of the theft, title to the rings and ownership thereof were vested in petitioner's *90 wife. Opinion The only question in this proceeding is whether petitioner is entitled to a deduction from gross income for the taxable year on account of the loss by theft of the two diamond rings. The respondent disallowed the claimed deduction on the ground that the rings were given by petitioner to his wife and therefore were her separate property. The issue thus turns upon the ownership of the rings at the time they were stolen. If petitioner did not own the rings at that time, he is not entitled to a loss deduction under section 23 (e) of the Code. Mertens, Law of Federal Income Taxation, Volume 5, page 102; New Colonial Ice Co., Inc. v. Helvering, 292 U.S. 435, 13 A.F.T.R. (P-H) 1180, 78 L. Ed. 1348, 54 S. Ct. 788. In his original petition, petitioner alleged that prior to the taxable year, he had "provided" his wife with certain jewelry to be used by her as wearing apparel. At the hearing, and prior to the introduction of any testimony, respondent moved that petitioner be required to plead categorically as to the facts of title in and ownership of the jewelry at the time of the theft. Petitioner's attorney appeared somewhat reluctant to do this. Thereupon, the Court *91 pointed out to the attorney that Rule 18 of the Rules of Practice of this Court allowed either party to move for a further and better statement of the nature of the claim or defense or of any matter stated in the pleading. The Court further informed the attorney that the issue depended upon the ownership of the rings and that if petitioner expected to prevail, it was necessary to both allege and prove that the title and ownership of the rings was in himself. The hearing was then adjourned until next day in order to allow petitioner to prepare an amended petition. In the amended petition which was filed by petitioner, he alleged the facts to be as follows: That after the marriage of petitioner to his wife Buelah T. Halpin, and in the year 1921, petitioner purchased one platinum square mounted ring set with a one and one half carat diamond surrounded with sixteen smaller diamonds, of the value of $2,200.00, and gave it to his said wife, Buelah T. Halpin, to be used by her for, and which was used by her as, wearing apparel; that in the year 1936, petitioner purchased one platinum ring set with three blue sapphires of three quarter carat each, surrounded by twenty diamonds of the *92 value of $750.00, and gave it to his said wife, Buelah T. Halpin, to be used by her for, and which was used by her as, wearing apparel; * * * Thereupon respondent moved for judgment on the pleadings, stating that the pleadings show that "this taxpayer is claiming the alleged loss by theft of property of another." Decision on this motion was reserved. On brief, petitioner argues that there was no gift in any legal sense, but that he merely provided jewelry for his wife's use, intending to retain title in himself. He contends that the language of the amended petition must be interpreted in that light. Although petitioner was specifically instructed by the Court concerning the issue which he was required to meet and concerning the allegations and evidence necessary for his case, he deliberately evaded the issue by omitting from the amended petition an allegation that title to the rings was in himself. The language of the petition implies that title was in his wife. In that situation, we think we are justified in holding that the ordinary and reasonable interpretation of the words used by him in the amended petition was that he intended to and did make a complete and valid gift *93 of the rings to his wife; and that at the time of the theft, his wife was the owner of the rings and the only person entitled to claim a deduction for such loss. However, there is another and more cogent reason for holding in favor of the respondent. In the notice of deficiency, respondent determined that the rings were the separate property of petitioner's wife. The burden of proving otherwise rested upon the petitioner. We have carefully studied the record and find no statement therein, either unequivocal or otherwise, to the effect that petitioner retained the ownership of the rings. Petitioner testified at the hearing and very carefully refrained from mentioning anything about the title or ownership of the rings. His attorney did not ask him any question on that subject although he knew that the entire issue depended upon such a question. The conclusion is irresistible that if the facts were such that petitioner had not intended to make complete and valid gifts to his wife, he would have so testified. Petitioner has not sustained the burden of proof imposed upon him. Petitioner also argues that he was under a legal duty to provide his wife with "necessaries" and that the term *94 "necessaries" includes the two diamond rings. We know of no case, and petitioner has been unable to cite any to us, which holds that diamond rings are "necessaries". However, even if they were, such argument is immaterial to the issue presented which involves only the question of the ownership of the rings at the time of the theft. Petitioner also argues that under common law, ornaments and wearing apparel of a married woman, which come to her through her husband during coverture, remain his personal property during his life. This argument is ineffective inasmuch as Minnesota has adopted a Married Women's Property Act which allows a wife to enjoy her separate property "free from the control of her husband." Mason's Minnesota Statutes, Chapter 72, section 8617. A wife's ornaments and wearing apparel become a part of her separate estate when they are given to her by her husband. See 26 Am. Jur., Husband and Wife, section 54. In view of this conclusion, it becomes unnecessary to consider respondent's alternative contention that petitioner has not proved the "basis" for computing the loss upon the ring purchased in 1921. However, it may be noted that petitioner was unable to testify *95 as to the cost of that ring or of the diamonds which went into the ring. The basis for determining the amount of the deduction for losses sustained under section 23(e) is the adjusted basis provided in section 113(b) of the Code. In view of the nature of the property lost, the adjusted basis of the ring would be the same as the unadjusted basis which is cost. Testimony as to the fair market value of the ring in 1921 is immaterial. It is therefore held that petitioner is not entitled to the deduction claimed for the loss sustained by the theft. Accordingly, Decision will be entered for the respondent.